UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK CUSTABLE JR.,
#15078424,

    Plaintiff,                                                 Civil Action No. 19-CV-12686

vs.                                                            HON. BERNARD A. FRIEDMAN

LISA ZABORSKI,

    Defendant.
_____/

**OPINION AND ORDER DISMISSING THE COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

On December 13, 2019, the Court issued an order in this matter requiring plaintiff to show cause why the Court should not dismiss the complaint for lack of subject matter jurisdiction. The Court stated:

> This matter is presently before the Court on the Court's own review of the complaint. In June 2009, plaintiff was sentenced to a 262-month term of imprisonment after pleading guilty to charges of wire fraud, securities fraud, and obstruction of justice. *See U.S. v. Custable*, No. 1:05cr-00340 (N.D. Ill.). At that time, plaintiff apparently was a resident of Illinois. In September 2019, plaintiff commenced the instant action against his former wife, who is also a resident of Illinois. Plaintiff asserts that this Court has diversity jurisdiction because he "is a resident of the State of Michigan and Zaborski is a resident of the State of Illinois." Compl. at 1.
>
> The Court doubts that plaintiff is a resident of Michigan. Although he claims to be serving his sentence at the Federal Correctional Institution in Milan, Michigan, a prison inmate generally is deemed to be a resident of the state where he resided at the time of sentencing, not the state where he happens to be transported subsequently in order to serve his sentence. *See* 13E C. Wright & A. Miller, Federal Practice and Procedure § 3618 (2009). It therefore appears that diversity jurisdiction is absent, as both plaintiff and defendant are residents of Illinois. Accordingly,

> IT IS ORDERED that plaintiff show cause within fourteen days of the date of this order why the Court should not dismiss the complaint for lack of subject matter jurisdiction.

In his response to this order, plaintiff has submitted an affidavit in which he avers, in relevant part:

> 1) I have been incarcerated since 2005, nearly 15 years of incarceration in which nearly 11 of the 15 years being at Milan Correctional Institution.
>
> 2) During the last two plus years, I have earned two Associates Degrees at Jackson Colleg[e]. The tuition for the college was paid for by Pell Grant in which it asks which state we are from. I was told that we are from the State of Michigan due to our state of incarceration. I had given the address of Milan Correctional Institution, P.O. Box 1000, Milan, MI 48160 as my residence on my Pell Grant application. The State of Michigan accepted my application as a resident of Michigan.
>
> 3) Jackson College is a community college which has entered into a partnership with Sienna Heights University, a four-year university located in Michigan. All Jackson College credits are counted towards a four-year degree at Sienna Heights University.
>
> 4) Upon my release from Milan Correctional Institution, I plan to continue to reside in Michigan and attend Sienna Heights University. See (Unaudited Transcript Correspondence - Exhibit A).

As noted in the Court's show-cause order, plaintiff lived and worked in Illinois prior to being incarcerated, and he is presently living in Michigan only because he was brought to this state to serve the remainder of his prison sentence. There is a "strong presumption" that a prison inmate maintains his domicile in the state where he resided prior to being incarcerated. *Stifel v. Hopkins*, 477 F.2d 1116, 1127 (6th Cir. 1973) (Edwards, J., concurring). This presumption "ordinarily requir[es] more than unsubstantiated declarations to rebut." *Id.* at 1126. Assuming that plaintiff "plan[s] on remaining in Michigan upon his release in 2024 to finish his Bachelor's

Degree," Pl.'s Resp. at 1, this does nothing to establish "either the intention to make his home [in Michigan] *indefinitely* or the absence of an intention to make his home elsewhere." *Stifel*, 477 F.2d at 1120 (emphasis added). At most, plaintiff has shown that he intends to remain in Michigan for the short period of time that is needed for him to finish his degree. Plaintiff has made no averments concerning "the manner in which [he] has ordered his personal and business transactions," *id.* at 1127, which might lend support to the suggestion that he intends to reside in Michigan indefinitely. Plaintiff has identified no acquaintances, business associates, friends, family members, employment prospects, real property, or indeed anything at all that might constitute evidence indicating an intent to remain in Michigan after obtaining his bachelor's degree from Sienna Heights University. And, of course, it is irrelevant that plaintiff "was told that we are from the State of Michigan due to our state of incarceration," as plaintiff's domicile depends on his own intentions, not on what others may say or believe.

In short, plaintiff has not overcome the presumption that he remains domiciled in Illinois despite his temporary stay in Michigan. The Court concludes that it lacks diversity jurisdiction over this matter because plaintiff and defendant are citizens of the same state. Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that defendant's "motion to file for special and limited appearance" is denied as moot.

Dated: January 2, 2020
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 2, 2020.

Frank Custable, Jr., #15078424
Milan Federal Correctional Institution
Inmate Mail/Parcels
PO Box 1000
Milan, MI 48160-0190

s/Johnetta M. Curry-Williams
Case Manager